# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

v.

David Mark Sheely

July 8, 2005

Case No. CR04-282

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant is charged with attempting to possess cocaine in violation of Va. Code §§ 18.2-26 and 18.2-250. He has filed a pretrial motion to dismiss the charge, arguing that insufficient facts exist to prove any such intent to attempt the possession of cocaine. Although this is normally the function of the trial in chief, the parties have stipulated to some of the facts that they believe will be proved. Their real issue is a determination of how the case law regarding legal and/or factual impossibility applies to this case.

In this instance, two non-uniformed off-duty police officers were exiting the drive-through at a local McDonald's fast food restaurant in an unmarked vehicle. Defendant approached the officers on foot, handed one of them a twenty dollar bill and said, "Just give me a 20 rock." One of the officers asked Defendant whether he wanted more than one, to which defendant replied, "No, just a fat one." Both officers then displayed their badges and defendant was arrested for attempting to possess cocaine. At no time during this attempted transaction did either of the police officers have cocaine or anything that resembled cocaine in their possession.

The attempt to commit a crime in Virginia is composed of two elements: (1) the specific intent to commit a particular crime; and (2) some direct action made towards its commission. In other words, one has to intend to commit a crime, and one has to try to commit it in order to be

found guilty. *Thacker v. Commonwealth*, 134 Va. 767,. 769 (1922). Defenses to an attempt to commit a crime are aimed at negating one of these elements.

Legal impossibility is traditionally recognized as one of these defenses. "Legal impossibility occurs when a defendant's actions, even if fully carried out exactly as he intends, would not constitute a crime." *Parham v. Commonwealth*, 2 Va. App. 633, 636 (1986). However, factual impossibility is not recognized as a defense. "Factual impossibility occurs when the actions intended by a defendant are proscribed by the criminal law, but a circumstance or fact unknown to the defendant prevents him from bringing about the intended result." *Id.* Therefore, if the Commonwealth is able to prove that the defendant intended to possess cocaine, whether or not under the specific circumstances he would actually be able to possess cocaine, the crime of attempting to possess cocaine would be proved. Part of that proof would be the testimony of a qualified drug officer connecting the slang language used with illicit drugs.

The Virginia Supreme Court "has recognized in numerous cases the fact that the question of what constitutes an attempt is often intricate and difficult to determine, and no general rule can be laid down which will serve as a test in all cases. Each case must be determined on its own facts." *Sizemore v. Commonwealth*, 218 Va. 980, 985 (1978). The question of whether or not the Defendant is guilty of an attempt to possess cocaine must be determined from all of the evidence presented at trial. Accordingly, the Defendant's pre-trial motion to dismiss is denied.